UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACY PETERS,

        Petitioner,

  v.                                                             Case No. 08-C-729

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

On August 27, 2008, Tracy Peters filed this petition pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel in his criminal trial because his attorney wrongly stipulated that the location of the crime was in Indian country.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Peters' sole claim is that this court lacked jurisdiction over his criminal prosecution because the crime did not occur in Indian country. The crime, a deadly stabbing, occurred in Middle Village,

Wisconsin, a small community within the boundary of the Menominee Reservation. The criminal jurisdictional statute defines Indian country as follows:

> Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

18 U.S.C. § 1151.

Although the crime occurred on the Menominee Reservation, Peters nevertheless argues that the crime did not occur in Indian country because Middle Village has not been determined to be a "dependent Indian community" under 18 U.S.C. § 1151(b). The Supreme Court has found that the term "dependent Indian community" "refers to a limited category of Indian lands that are neither reservations nor allotments, and that satisfy two requirements-first, they must have been set aside by the Federal Government for the use of the Indians as Indian land; second, they must be under federal superintendence." *Alaska v. Native Village of Venetie Tribal Government,* 522 U.S. 520, 527 (1998).

It may be true that Middle Village is not a "dependent Indian community." *Id.* Still, it is clear that Middle Village is located on land "within the limits of any Indian reservation" under § 1151(a). That is enough to make Middle Village "Indian country" within the meaning of the statute. *United States v. Webb,* 219 F.3d 1127, 1131 (9th Cir. 2000) ("if the property is within boundaries of the reservation, it is Indian country"). Accordingly, Peters' counsel was not ineffective in stipulating to the fact that the crime occurred in Indian country.

Accordingly, the motion to vacate is **DENIED**.

Dated this     5th     day of September, 2008.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge
