UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACY PETERS,

        Petitioner,

v.                                                      Case No. 08-C-729

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

On March 1, 2011 Tracy Peters filed a motion under Fed. R. Civil P. 60(b)(6) seeking relief from this Court's September 5, 2008 judgment denying his previous 28 U.S.C. § 2255 motion to vacate. I directed the government to respond to the motion. I conclude the motion must be denied for lack of jurisdiction.

Section 2244(b)(3)(A) requires permission from the court of appeals before a second or successive petition may be filed. "Appellate courts agree that a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)." *Burris v. Parke,* 130 F.3d 782, 783 (7th Cir. 1997). "Petitioners cannot avoid meeting the requirements of 28 U.S.C. § 2244(b) and § 2255 ¶ 8 simply by restyling their requests as motions for reconsideration in the initial collateral attack." *Banks v. United States,* 167 F.3d 1082, 1084 (7th Cir. 1999).

In my order directing a response from the government, I noted that *Gonzales v. Crosby* held that Rule 60 "preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of

subject-matter jurisdiction-a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties." *Gonzalez v. Crosby,* 545 U.S. 524, 534 (2005). Peters styles his motion as a challenge to this Court's jurisdiction. In a nutshell, he believes that if Middle Village was not in Indian Country, then this Court lacked subject matter jurisdiction over his prosecution.

That is an incorrect assumption, however. As the government points out, the location of the crime is an element of the offense (a fact which was stipulated in this case), not a facet of the court's jurisdiction. If, for example, the government had failed to prove that the crime was committed in Indian Country, then Peters would have won an acquittal of the charge. But that would not mean that this Court lacked subject matter jurisdiction.

Because the motion does not actually challenge the Court's jurisdiction, *Gonzales* does not apply here. Instead, the Rule 60 motion is simply a successive petition requiring approval of the Court of Appeals. That approval was not sought.

Accordingly, the motion is **DENIED** and the action is **DISMISSED** for lack of jurisdiction under § 2244(b)(3)(A).

**SO ORDERED** this ___19th___ day of May, 2011.

   s/ William C. Griesbach  
William C. Griesbach  
United States District Judge